[In Case No. 6,654, in an action against the garnishee, the plaintiff was nonsuited.]

## Case No. 6,654.
### HOMANS v. COOMBE.
[3 Cranch, C. C. 365.] [1]

Circuit Court, District of Columbia. Dec. Term, 1828.

LIEN—BUILDING CONTRACT—COMMENCEMENT OF LIEN.

1. The lien which a builder, in Washington, has under Act Md. 1791, c. 45, § 10, is a remedy in rem only, and not in personam.

2. The lien commences with the recording of the contract for building, and does not overreach prior incumbrances.

Attachment, by way of execution, upon a judgment recovered by [Daniel] Homans against Zantzinger, for balance due upon a building contract. The attachment was served upon credits in the hands of G. Coombe, who was summoned as garnishee, and pleaded nulla bona. The building contract was dated 17th September, 1816, but not acknowledged and recorded until the 14th of May, 1817. The deed of trust, under which Mr. Coombe purchased the house, was executed on the 9th of May, 1817, five days before the acknowledgment of the building contract. The plaintiff had, within two years after the last of the work was done, proceeded at law, by an action against Mr. Zantzinger, upon the contract, and, on the 22d of June, 1819, recovered the judgment upon which this attachment was issued, by way of execution, under the Act Md. 1715, c. 40. Mr. Coombe had paid his purchase-money to the trustee, who sold the house under the deed of the 9th of May, 1817, and the question was, whether Mr. Homans had a lien on the house and lot prior to that of the said deed of trust. By Act Md. 1791, c. 45, § 10, "concerning the territory of Columbia and city of Washington," it is enacted, "that for all sums due and owing on written contracts, for the building any house in the said city, or the brick work, or carpenter's or joiner's work thereon, the undertaker, or workmen employed by the person for whose use the house shall be built, shall have a lien on the house and the ground on which the same is erected, as well as for the materials found by him; provided the said written contract shall have been acknowledged before one of the commissioners, a justice of the peace, or an alderman of the corporation of Georgetown, and recorded in the office of the clerk for recording deeds herein created, within six calendar months from the time of acknowledgment, as aforesaid; and if, within two years after the last of the work is done, he proceeds in equity, he shall have remedy as upon a mortgage; or, if he proceeds at law within the same time, he may have execution against the house and land, in whose hands soever the same may be; but this remedy shall be

[1] [Reported by Hon. William Cranch, Chief Judge.]

considered as additional only, nor shall, as to the land, take place of any legal incumbrance, made prior to the commencement of such claim."

Mr. Morfit, for plaintiff, contended that when the building contract was acknowledged and recorded, the lien related back to its date, and thus overreached the deed of trust; and Mr. Coombe purchased with knowledge of the lien. It was agreed by the parties, that if such should be the opinion of the court, a verdict should be entered for the plaintiff; if otherwise, the plaintiff should be nonsuit.

THE COURT (THRUSTON, Circuit Judge, absent) was of opinion that the issue must be found for the garnishee: 1st. Because Act Md. 1791, c. 45, § 10, gives a remedy in rem only, and this is a proceeding in personam; and if the issue be found for the plaintiff, the defendant will be personally liable. 2d. Because the deed of trust under which the garnishee claims, was a legal incumbrance, made prior to the commencement of the plaintiff's claim to the lien, which commmenced only at the time of the recording of the contract. The plaintiff became nonsuit.

[A former judgment was set aside as having been obtained by surprise. Case No. 6,653.]